# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LONNIE WALKER, JR.,

        Defendant-Appellant.

UNPUBLISHED
August 4, 2015

No. 321707
Oakland Circuit Court
LC No. 2013-248700-FC

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first degree criminal sexual conduct (CSC 1), MCL 750.520b(1)(c) (penetration occurring during the commission of another felony); first-degree home invasion, MCL 750.110a(2); and assault with a dangerous weapon (felonious assault), MCL 750.82. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve prison terms of 432 months to 80 years for the CSC 1 conviction, 320 months to 80 years for the home invasion conviction, and 60 months to 15 years for the felonious assault conviction. Defendant appeals as of right. We affirm.

In the early morning hours of November 19, 2013, a man broke into the room where a 14-year-old girl was sleeping. The man held a knife to her face and forced her to undress and perform oral sex on him. The man's face was completely covered except for his eyes. The girl testified at trial that the man's eyes were distinctive because they "popped out." The encounter ended when the girl's aunt entered the room and the man fled, knocking the aunt over as he escaped.

Four latent fingerprints were lifted from the exterior of the window where the attacker had likely gained entry and were later identified as belonging to defendant. Based on the fingerprints, defendant was arrested. Defendant's backpack contained a knife that the girl identified as being similar to the knife her attacker had used, and a hat with eye holes similar to the one her attacker wore. Defendant's cellular telephone contained a photograph of a girl lying on a bed wearing only underwear. The victim identified herself as the girl in the photograph and identified pillows and blankets that were in the room on the night of the attack.

The prosecution also offered into evidence other material found on defendant's telephone. The trial court admitted people's exhibit 42, which was an Internet search history from defendant's telephone showing searches on YouTube such as "twelve and fourteen year old

-1-

twerking video," "big butt shaking," and "eighth grade twerk team." People's exhibit 43 consisted of defendant's emails showing that he used certain online dating sites. People's exhibits 54 and 55 were still shots from videos taken on defendant's telephone of what appeared to be a woman on her knees performing oral sex on the man taking the video. People's exhibits 47 through 53 were each a photograph of a female wearing only her underwear lying face down on a bed. The prosecution did not give the defense written notice of its intent to offer other-acts evidence as required by MRE 404(b)(2).

Defendant argues that the trial court erred by allowing these exhibits into evidence. We agree, but we find that the error was harmless.

The issue is preserved because defense counsel made a contemporaneous objection at trial and the issue was decided by the trial court. *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). "In general, this Court reviews a trial court's decision regarding the admissibility of other-acts evidence for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 84-85; 732 NW2d 546 (2007). However, whether a rule of evidence or statute precludes admissibility of certain evidence is a question of law reviewed de novo. *Id.* at 85. "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

MRE 404 provides:

(a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion[.]

* * *

(b) Other crimes, wrongs, or acts.

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

(2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

In *Dobek*, this Court stated:

> Evidence of other acts may be admitted under MRE 404(b)(1) if (1) the evidence is offered for a proper purpose, i.e., something other than a character to conduct theory, (2) the evidence is relevant under MRE 402, as enforced by MCR 104(b), to an issue or fact of consequence at trial, and (3) the probative value of the evidence is not substantially outweighed by its potential for undue or unfair prejudice under MRE 403. [*Dobek*, 274 Mich App at 85-86 (citation and quotation marks omitted).]

After reviewing the exhibits in question, we find that the majority of them would have been admissible had the prosecution provided proper notice under MRE 404(b)(2). However, the prosecution admits that it did not provide this notice. It argues that the verdict should nonetheless be affirmed because any error in admitting the exhibits was harmless.[1] We agree.

"[A] preserved, nonconstitutional error is not a ground for reversal unless 'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999), quoting MCL 769.26.

The other evidence in favor of conviction in this case was overwhelming. Both the victim and her aunt positively identified defendant as the attacker in court. Four latent fingerprints matching defendant's were discovered on the window where the attacker likely gained entry. There was no other plausible explanation regarding how the prints got there. Defendant's backpack contained a knife and a dark hat with holes in it, both of which the victim identified as similar to the ones her attacker used. Defendant's cellular telephone contained an image that the victim identified as a photograph of her lying on a bed. The time stamp on the image matches the approximate time that the crime was committed. From the photograph the victim also identified pillows and blankets that were in the room on the night of the attack. Given the strength of this evidence, we find that the other-acts evidence did not change the outcome of the case.[2]

Defendant further argues that he should be granted a new trial because the trial court improperly denied defense counsel's challenge for cause of one of the prospective jurors during voir dire. We disagree.

---

[1] The prosecutor attempted to argue below that the evidence was not actually MRE 404(b) evidence at all, but appears to have abandoned such an argument on appeal. At any rate, the prosecution's own arguments below and on appeal demonstrate that it was and is attempting to justify the admission of the evidence under the principles of MRE 404(b).

[2] We do, however, admonish the trial court to be more mindful of its role as a gatekeeper regarding the admission of evidence.

"We review for abuse of discretion a trial court's rulings on challenges for cause based on bias." *People v Williams*, 241 Mich App 519, 521; 616 NW2d 710 (2000).

MCR 2.511(D) states, in relevant part:

The parties may challenge jurors for cause, and the court shall rule on each challenge. A juror challenged for cause may be directed to answer questions pertinent to the inquiry. It is grounds for a challenge for cause that the person:

* * *

(2) is biased for or against a party or attorney;

(3) shows a state of mind that will prevent the person from rendering a just verdict, or has formed a positive opinion on the facts of the case or on what the outcome should be;

(4) has opinions or conscientious scruples that would improperly influence the person's verdict[.]

"When balancing [the court's] discretionary power [regarding challenges for cause] with a litigant's right to a fair trial, a trial judge should, in cases where apprehension [of unfairness] is reasonable, err on the side of the moving party." *Poet v Traverse City Osteopathic Hospital*, 433 Mich 228, 238; 445 NW2d 115 (1989). "For our purposes, apprehension is 'reasonable' when a venire person, either in answer to a question posed on voir dire or upon his own initiative, affirmatively articulates a particularly biased opinion which may have a direct effect upon the person's ability to render an unaffected decision." *Id*. "This Court defers to the trial court's superior ability to assess from a venireman's demeanor whether the person would be impartial." *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000).

Here, the prospective juror at issue told the court that he might have a hard time being objective because his father had been murdered during a home invasion. However, the prospective juror stated that he believed he was an analytical person who would like to think he could put his emotions aside. The prospective juror's statement did not rise to the level of a "particularly biased opinion." Accordingly, the trial court did not abuse its discretion in denying defense counsel's challenge for cause.[3]

---

[3] Even assuming, arguendo, that the trial court improperly denied the challenge for cause, there would still be no basis for reversal because defense counsel used a peremptory challenge to excuse the juror and the test for reversal espoused in *Poet*, 433 Mich at 241, has not been met.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter